## I. HUMPHREYS V. THE STATE.

No. 9381.   Delivered November 4, 1925.

Rehearing denied January 20, 1926.

**1.—Transporting Intoxicating Liquor—Requested Charges—Covered by Main Charge—Properly Refused.**

Where special charges are requested by an appellant, and the issues presented in them have been fully and appropriately covered in the court's main charge, it is proper practice to refuse such requested charges.

**2.—Same—Evidence—Held, Sufficient.**

Where on a trial for transporting intoxicating liquor, it was undisputed that appellant was found travelling along a public road in an automobile containing four or five jars of whiskey, and that when a deputy sheriff started to search the car, by virtue of a search warrant that he had, the appellant grabbed a jar and turned it up and poured out its contents, the jury were fully warranted in rejecting appellant's theory that some person unkown to him had put this liquor in his car.

ON REHEARING.

**3.—Same—Recognizance—Absence from Record—Presumption.**

Where there is no recognizance set out in the transcript, its absence does not affect appellant's rights before this court in any manner, as in the absence of any showing to the contrary, he is presumed to be in custody.

If a transcript omits the recognizance that was actually made, it is the right of appellant to have the transcript corrected. A motion for rehearing is not the proper method of raising the question above presented.

Appeal from the District Court of Collingsworth County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for the transportation of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*R. H. Cooke,* of Wellington, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Collingsworth County for the offense of transporting liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

Appellant complains at the court's failure to give his special charge No. 1 to the effect that if the appellant did not know at the time he was transporting the whiskey that the same was in his car or was being transported by him then to find the defendant not guilty; and he further requested that the jury be told that intent on the part of the defendant in a criminal case is the essence of such offense and if they found and believed from the evidence that defendant did not intend to transport the whiskey or that if same was transported without his knowledge to acquit him.

By his second special charge appellant requested the court to instruct the jury that it was their duty to look at the defendant's defense and the facts occurring in connection with the allegations and charges as viewed and seen from the defendant's standpoint and as it reasonably appeared to the defendant. The second requested instruction was clearly upon the weight of the evidence and was correctly refused.

The first requested instruction was fully covered by paragraphs 4 and 5 of the court's main charge. In paragraph 5 of the charge he pertinently told the jury that if the liquor in question was placed in the car by someone else than the defendant and that the defendant transported the same, but that he did not know that the jars in question contained intoxicating liquor, or did not know that the said jars were in his car at the time he transported the same, or if they had a reasonable doubt

as to whether or not the defendant knew that there was intoxicating liquor in the car while he was driving the same, to acquit him. This charge protected every right that the appellant had under any theory of his defense presented by the evidence.

Appellant contends that the testimony in the case is insufficient to support the verdict. With this contention, we cannot agree. It is undisputed that he was found traveling along the public road in an automobile containing four or five jars of whiskey. The record further shows that when the deputy sheriff started to search the car by virtue of a search warrant that he had, that the appellant grabbed a jar and turned it up and poured the most of its contents out on the ground. It is true the appellant presented the theory that some other person put this liquor in his car without his knowledge or consent, but as is usual with a defense of this character, the jury refused to believe or accept it. In so doing, they were well within the right and privilege given them by the law and we do not feel impressed with the duty of disturbing their verdict in this case.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—Appellant in his motion for rehearing makes the very unusual contention that we should grant his motion and reverse this case because as he says the transcript as filed in this court has omitted to include in it his recognizance, the judgment of the court pronouncing sentence and the motion for a continuance.

The transcript is before us and it contains the judgment of the court pronouncing sentence and appellant's notice of appeal to this court. There are no bills of exceptions contained in the record and if a motion of continuance was made and overruled it would not avail appellant without a bill of exception. Neither does the fact that the transcript fails to reveal a recognizance affect the appellant's rights before this court in any manner, as in the absence of same and any showing to the contrary he is presumed to be in custody. The contentions above stated might very properly be disposed of by saying that if the appellant de-

sired to have the transcript corrected, it was his duty to make a proper application before this court to have it done and to have supported it with a proper affidavit. A motion for rehearing on the merits is not the proper method of raising the questions above presented.

We have carefully considered appellant's other complaints in the motion for rehearing and find that they are without merit.

The motion is accordingly ovverruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.